United States District Court
Southern District of Texas
**ENTERED**
September 24, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERONICA GISSELLE SCHAEFER, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:24-cv-1142 |
| DAVID SIMPSON HARRIS COUNTY IV-D AGENCY, | § § § § | |
| Defendant. | § § § | |

## MEMORANDUM AND RECOMMENDATION

On June 12, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 10). Based on a review of the relevant pleadings and applicable law, the Court **RECOMMENDS** Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(h)(3). The Court **FURTHER RECOMMENDS** all pending motions (ECF No. 6) be **DENIED AS MOOT**.

### I. Background

*Pro se* Plaintiff Veronica Gisselle Schaefer ("Plaintiff") brings a 42 U.S.C. § 1983 claim against Defendant David Simpson[1] ("Defendant"), alleging violations of her First, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendment rights. (ECF No. 1 at 1, 16). Plaintiff also asserts claims for fraud, mail fraud, false advertising, and deceptive unfair business practices. (*Id.* at 1, 16-33).

At a minimum, Plaintiff's Complaint is inartfully pled. Plaintiff alleges Defendant:

> covertly and illegally convert[ed] Plaintiff Veronica from [her] status of Genisis [sic] 2;[23] woman, to the status of non-custodial parent then illegally changed [her] name from Veronica Gisselle of the Family Schaefer to SHAEFER VERONICA G. i.e., the name of the non-custodial parent in order to bypass and circumvent the Constitution to encroach upon [her] rights secured because a non-custodial parent as the creation and property of the federal government possess no inherent or inalienable rights.

(*Id.* at 12–13). Plaintiff further alleges:

> This § 1983 cause of action arises from the use of policies and customs against DAVID SIMPSON who performed under a 22-C0056 contract, and disseminated false advertisements and discriminated against Plaintiff Veronica, with the sole intent of circumventing the constitution in order encroach [sic] upon [her] 1st, 4th, 5th, 13th, and 14th Amendment rights secured, in the name of Title IV-D of the Social Security Act.

---

[1] Plaintiff's Complaint states David Simpson is sued in his official capacity as "director of a business for profit responsible for the day-to-day administration of the office operating as [Harris County Domestic Relations Office.]" (ECF No. 1 at 3).

(*Id.* at 7). As to the violation of her religious freedom, Plaintiff states the following deprivations of her rights occurred:

> DAVID SIMPSON in his day to day administration while operating the HARRIS COUNTY branch violated and then deprived me of my 1st Amendment Right to worship Almighty God to the dictates of my own consciousness by compelling me as a Genesis 2;23 woman to intimately associate therewith by compelling Plaintiff Veronica under threat duress and coercion to appear as the 42 U.S.C. § 666 non-custodial parent under the mark of the beast.

(*Id.* at 20). Plaintiff also briefly mentions Defendant discriminated against her on the basis of her gender:

> Through policy, customs, and Title VI, 42 U.S.C. § 2000d et. seq. prohibitions, during the case closure request DAVID SIMPSON in his day to day administration while operating the HARRIS COUNTY branch discriminated against Plaintiff Veronica on the basis of my gender. It is the custom and policy, including performance under IV-D and its federal regulations for profit that SIMPSON knowingly and intentionally ignored my legal request for case closure because it is 100% gender biased by only allowing the man i.e., customer who applied for IV-D services to request case closure not Plaintiff as Genesis 2;23 woman.
>
> Simply justice requires that public funds, to which all men and woman contribute, not be spent in any fashion which encourages, entrenches, subsidizes, or results in racial, color or national origin discrimination. Title VI itself prohibits intentional discrimination of any kind. DAVID SIMPSON in his day to day administration while operating the HARRIS COUNTY branch is outsourced by the OAD who is outsourced by the federal OCSS within the U.S. DHHS *i.e.*, the funding agency that has regulations implementing Title VI that prohibit that above practices that have the effect of discrimination on the basis of my gender.

(*Id.* at 30–31).

## II.   Discussion

"The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject[-]matter jurisdiction." *Marrero v. Dall. Mayors Off.*, No. 3:24-cv-288, 2024 WL 1054957, at *2 (N.D. Tex. Feb. 22, 2024), *report and recommendation adopted*, No. 3:24-cv-288, 2024 WL 1054630 (N.D. Tex. Mar. 11, 2024) (citing *The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020)); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008) (internal quotations omitted). Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing

4

that subject-matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Supreme Court has stated that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83 (1946). "Moreover, a court may *sua sponte* dismiss a complaint for lack of subject[-]matter jurisdiction when the complaint is patently insubstantial, presenting no federal question suitable for decision." *Tyesha N. Isom v. United States Department of Health and Human Services, et al.*, No. 4:21-cv-274, 2021 WL 2229731, at *2 (E.D. Tex. Apr. 22, 2021), *report and recommendation adopted sub nom. Tyesha N. Isom v. United States Department of Health and Human Services, et al.*, No. 4:21-cv-274, 2021 WL 2224346 (E.D. Tex. June 2, 2021) (internal quotations omitted). "This includes bizarre conspiracy theories and complaints resting on truly fanciful factual allegations." *Id.*

The Court must also always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, even under the most liberal

5

construction, Plaintiff has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (citation and internal quotation marks omitted). Although Plaintiff cites to 42 U.S.C. § 1983, her operative complaint contains no factual allegations that support any constitutional or federal statutory violation. (ECF No. 1 at 1). For example, Plaintiff states:

- "Plaintiff Veronica as a devout Christian was compelled to association under threat, duress, and coercion to associate with IV-D which substantially hindered the exercise of my religion under RFA on the basis that the name of 42 U.S.C. §§ 666(a)(3)(C) and 603(a)(5)(C)(III), 'non-custodial parent' under IV-D bans the entire aspect of my inherent religious observance and practices, compels acts inconsistent with my observance and practices, substantially pressed me to modify my observance and religious practice." (*Id.* at 18).

- "42 U.S.C. §§ 666(a)(3)(C) is a blatant and direct violation of my 1st Amendment right of religious freedom to worship Almighty God according to the dictates of my own consciences." (*Id.*).

- "The invasion of my privacy occurred by assurance of the submitted IV-D plan that the business for profit under the 42 U.S.C. § 653(a), State Directory of New Hires to unreasonably searched for and then obtained Plaintiff Veronica's personal information without from my employer when I was newly hired for the sole purpose of locating me in order to identify me as a non-custodial parent in order to exact monies from me." (*Id.* at 22–23).

- "DAVID SIMPSON in his day to day administration while operating the HARRIS COUNTY branch is outsourced by the OAD who is outsourced by the federal OCSS within the U.S. DHHS i.e., the funding agency that has regulations implementing Title VI that prohibit that above practices that have the effect of discrimination on the basis of my gender." (*Id.* at 31).

She also asserts broad allegations of fraud, mail fraud, false advertising, and deceptive unfair business practices. (*Id.*). For example, Plaintiff states:

- "I was fraudulently induced to surrender my 1st, 4th, 5th, 6th, 13th and 14th Amendment rights privileges and immunities so secured under threat, duress, and coercion." (*Id.* at 16).

- "Herein Veronica contends that the false and misleading claims of 'helping' both parents was intentionally misrepresented, and the U.S. mail was used to carry out the scheme." (*Id.* at 17).

- "Wherefore, DAVID SIMPSON in his day to day administration while operating the HARRIS COUNTY branch, by virtue of contractual performance in the issuance of a IV-D award under the requirement of the plan committed fraud and mail fraud, disseminated false advertisements, performed unfair and deceptive business practices, and discriminated against Plaintiff Veronica . . . ." (*Id.* at 19–20).

- "The public advertisement of the coined phrase 'child support services' is blatantly false advertisement disseminated to customers with no material facts and nothing more than a false representation of the IV-D program and its regulations and does not include and is always accompanied in each advertisement by non-disclosure of IV-D legislative intent." (*Id.* at 26–27).

"But the mere mention of a federal law or bare assertion of a federal claim is not enough to obtain federal question jurisdiction." *See Marrero*, 2024 WL 1054957, at *2. Indeed, "federal courts are without power to entertain claims

7

otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ." *Hagans v. Levine*, 415 U.S. 528, 536–37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Further, Plaintiff's Complaint makes clear that Defendant is a citizen of Texas, which defeats subject-matter jurisdiction on the basis of diversity. (ECF No. 1 at 3); *see Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants). Because the operative complaint does not present an adequate basis for federal question jurisdiction, and Plaintiff cannot rely on diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any possible state-law claims Plaintiff may be attempting to assert. 28 U.S.C. § 1367(a).

Accordingly, the Court recommends the operative complaint be dismissed *sua sponte* and without prejudice for lack of subject-matter jurisdiction. *See Lavender v. Parkland Hosp.*, No. 3:19-cv-2549, 2020 WL 7029913 (N.D. Tex. Oct. 14, 2020), *report and recommendation adopted*, No. 3:19-cv-2549, 2020 WL 7027468 (N.D. Tex. Nov. 30, 2020) (recommending the pro se plaintiff's "fantastic, delusional, irrational, or wholly incredible"

complaint be dismissed for lack of subject-matter jurisdiction or, alternatively, as frivolous).

### III. Leave to Amend

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). As demonstrated above, the facts as alleged in Plaintiff's Complaint demonstrate a lack of subject-matter jurisdiction in this Court that does not appear to be curable by amendment. Thus, granting leave to amend would be futile and cause needless delay. *See Deng v. Fed. Bureau of Investigation Agencies*, No. 2:20-cv-154, 2021 WL 742297 (N.D. Tex. Jan. 26, 2021), *report and recommendation adopted sub nom. Deng v. FBI Agencies*, No. 2:20-cv-154, 2021 WL 735207 (N.D. Tex. Feb. 25, 2021), *aff'd*, 850 F. App'x 323 (5th Cir. 2021) (denying leave to amend because the *pro se* plaintiff's claims were fantastic); *Isom*, 2021 WL 2229731, at *3 (same).

That notwithstanding, the 14-day period to object to this recommendation will permit Plaintiff to explain, if she can, how she can cure the jurisdictional deficiencies noted above if granted the opportunity.

## IV.  Conclusion

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.  FED. R. CIV. P. 12(h)(3).  The Court **FURTHER RECOMMENDS** all pending motions be **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on September 24, 2024.

_____
Richard W. Bennett
United States Magistrate Judge